UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| ADAM L. COLEMAN, <br><br> Plaintiff, <br><br> V. <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security, <br><br> Defendant. | CIVIL ACTION NO. 5:21-91-KKC <br><br><br> **OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

The plaintiff, Adam L. Coleman, who is proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision denying his claim for supplemental security income. The Court, having reviewed the record, will affirm the Commission's decision.

This Court's review of the decision by the Administrative Law Judge ("ALJ") is limited to determining whether it "is supported by substantial evidence and was made pursuant to proper legal standards." *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir.2009). "A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would also have supported the opposite conclusion." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013).

In denying Coleman's claim, the ALJ engaged in the five-step sequential process set forth in the regulations under the Social Security Act (the "Act"). 20 C.F.R. § 404.1520(a)-(e). *See, e.g., Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

At step one, the ALJ determined that Coleman, who was 26 at the time the ALJ issued his decision, has not engaged in substantial gainful activity since February 15, 2018. (Administrative Record ("AR") at 11-12.)

At step two, the ALJ determined that Coleman suffers from the severe impairments of degenerative disc disease and arthropathy of the cervical and lumbosacral spine, fibromyalgia, depressive disorder, anxiety disorder, PTSD, and borderline personality disorder. (AR at 13.)

At step three, the ALJ found that Coleman does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR at 13.)

Before proceeding to step four, the ALJ determined that Coleman has the residual functional capacity (RFC) to perform "light work" as defined in 20 C.F.R. § 416.967(b) with certain exceptions. (AR at 14.)

At step four, the ALJ determined that Coleman has no past relevant work. (AR at 24.)

At step five, the ALJ determined that, considering the RFC described above and Coleman's age, education, and work experience, there are jobs that exist in significant numbers in the national economy that he can perform and, thus, Coleman is not disabled. (AR 24-25.)

Coleman first argues that the ALJ erred by basing his decision on the statute that governs when an individual under the age of 18 should be considered disabled. *See* 42 U.S.C. §1382c(a)(3)(C)(i). As explained, Coleman was 26 when the ALJ issued his decision. The ALJ correctly stated, however, that the issue before him was "whether the claimant is disabled under section 1614(a)(3)(A) of the Social Security Act." (AR at 11.) The cited

provision states the standard for determining whether an adult is disabled. See 42 U.S.C. § 1382c(a)(3)(A). The provision states "an individual shall be considered to be disabled for purposes of this subchapter if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." *Id*. This is the standard that the ALJ used in determining whether Coleman is disabled.

Second, Coleman argues that the ALJ failed to consider a "Disability Verification" completed by Tricia Isenstein, MA, LPCC, relating to Coleman's studies at Berea College (AR 368-69.) In the form Ms. Isenstein diagnoses Coleman with major depressive disorder and generalized anxiety disorder. She states that Coleman may need "extra time on assignments," "need to leave class at times," and that he may have additional absences. The ALJ, however, recognized that Coleman had the severe mental impairments of depressive disorder, anxiety disorder, PTSD, and borderline personality disorder. (AR at 13.) He further recognized that these impairments limited Coleman's ability to perform basic work activities. Thus, the ALJ imposed limitations on Coleman's mental ability to perform light work. Namely the ALJ determined that Coleman could not "understand, remember, or carry out" complex instructions. (AR at 14.) The ALJ also determined that, while Coleman could "perform simple and detailed tasks," he must avoid fast-paced and quota-based work. (AR at 14.) Nothing in Ms. Isenstein's assessment would require more restrictive limitations on Coleman's ability to work.

Further, as the ALJ noted, Ms. Isenstein's assessment was not accompanied by any supporting documentation. The ALJ considered that Coleman had been able to complete college coursework, work part time, and live alone. Moreover, the ALJ noted that Coleman

3

represented his mother's estate in litigation, during which Coleman had filed briefs and motions and presented arguments in court. Further, Coleman had represented himself before the Commission, and the ALJ noted that he had submitted extensive written argument in those proceedings. The ALJ reasonably determined that the evidence indicated that Coleman had "a high level of mental functioning." (AR at 21.)

Third, Coleman argues that the ALJ failed to consider a Mental Residual Functional Capacity form completed by Amanda Jarvis, APRN, dated January 14, 2021. (R. 26-3, Mental RFC Assessment.) The ALJ issued his decision on December 11, 2020. Thus, the Jarvis document was never presented to the ALJ. Accordingly, in assessing whether the ALJ's decision was supported by substantial evidence, this Court cannot consider Ms. Jarvis's assessment. *See Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001) "[T]his court has repeatedly held that evidence submitted to the Appeals Council after the ALJ's decision cannot be considered part of the record for purposes of substantial evidence review.")

The Court can consider new evidence only in determining whether this case should be remanded to the agency for further administrative proceedings on this claim. *Id*. To remand for further administrative proceedings, however, the new evidence must be "new and material." *Id*. Jarvis's opinion assesses Coleman's mental condition in January 2021. Thus, this evidence is not material to the time period which the ALJ considered. Coleman may file a new application for benefits with an onset date of January 14, 2021, submitting Jarvis's assessment as evidence. The assessment is not material, however, to the claim currently under review. Thus, remand is not warranted.

Fourth, Coleman argues that the ALJ erred in accepting the testimony of the vocational expert because the expert did not consider the availability of jobs after the COVID-19 pandemic. Coleman, however, cites no evidence that job availability at the time that the

4

vocational expert testified (July 2020) was less than what the expert relied upon in her testimony.

Finally, Coleman argues that the ALJ did not consider the combined effect on his ability to work of his various physical and mental conditions. This is incorrect. As discussed, the ALJ determined that Coleman had multiple severe physical and mental impairments. The ALJ then extensively considered *all* of Coleman's symptoms in assessing Coleman's ability to perform basic work functions. (AR at 14-24.)

For these reasons, the Court finds that the ALJ's opinion is supported by substantial evidence.

In addition, Coleman has filed a motion for default judgment (DE 38). In support of this motion, Coleman states that the Commission failed to serve him with a copy of its motion for summary judgment. The Court will deny this motion.

The Commission filed its motion for summary judgment on October 22, 2021. It has presented evidence that it attempted at that time to serve Coleman with a copy of the motion by mailing the motion to Coleman at the address indicated on the Court's docket. The Court's local rules require that pre se litigants provide written notice of address changes to the Court and to the opposing party's counsel. LR 5.3(e). Coleman did not notify the Court of any address change until November 2, 2021 (DE 37). Thus, up to that point, the Commission appropriately served Coleman at his prior address. It is clear that Coleman received a copy of the Commission's motion for summary judgment by October 27, 2021. On that date, he filed an "Answer in Opposition" to the Commission's motion. (DE 36.) The Court cannot find that the Commission incorrectly served Coleman or that he was prejudiced by the manner by which the Commission served him.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The plaintiff's motion for summary judgment (DE 26) is **DENIED**;

2. The defendant's motion for summary judgment (DE 35) is **GRANTED**;

3. The plaintiff's motion for default judgment (DE 38) is **DENIED**;

4. The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards; and

5. A judgment will be entered contemporaneously with this order.

This 16th day of May, 2022.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY